IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

United States of America       :
                               :
                               :
                               :
                               :
V.                             :   NO. CR-99-306(PG)
                               :
Ramon Diaz Ortiz               :

MOTION FOR CONSIDERATION OF A REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)

AND NOW, comes Ramon Diaz Ortiz, defendant hereby PRO SE, respectfully requests this honorable court pursuant to 18 U.S.C. § 3582(c)(2) and Section § 1B1.10 of the United States Sentencing Guidelines, to reduce his sentence based upon the Amendment to § 2D1.1 of the sentencing guidelines which became effective on November 1, 2004 (APPENDIX C-AMENDMENTS TO THE GUIDELINES MANUAL "668"); concerning to the base offense level and represents:

1. On or about 2/26/01, defendant entered into a plea agreement under count I of a pending indictment charges him with possess with intent to distribute cocaine in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and criminal conspiracy under 21 U.S.C. § 846.

2. On July 13, 2001, the court's found by a preponderance of the evidence that the defendant was a supervisor under the alleged offense and increased three level under the sentencing guidelines 3B1.1 and also the court's found that since the defendant has accepted responsibility for his involvement in the offense conduct, a three level decrease was warranted pursuant to the sentencing guidelines 3E1.1 A&B adjustments and sentenced the defendant to a term of imprisonment of 216 months under the plea agreement.

3. Applying the applicable provisions of the guidelines as the existed on the date of the defendant's sentencing, the base offense level was 34.

4. Effective November 1, 2004, Section § 2D1.1 of the sentencing Guidelines was Amended by striking subdivision (3) as follows: The offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under section § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (C) is (i) level 32, descrease by two (2) levels; (ii) level 34 or level 36, descrease by three (3), or (iii) level 38, descrease by 4 levels. Section § 2D1.1 (a)(3) is amended by striking "below" and inserting, except that if the defendant receives an adjustment under section § 3B1.2 (Mitigating Role) the base offense level under this

subsection shall be not more than level 30.

5. As established under Section § 1B1.10 of the Sentencing Guidelines, this Amendment is to be applied retroactively.

6. When the defendant's base offense level is recalculated in acordance with the lenguage of the Amendment, the the amount of drug set forth under the plea agreement (guilty plead), would be at level 30.

7. Under the Drug Quantity Table, as outlined in Section § 2D1.1 of the Sentencing Guidelines, the base offense level for an excess of five kilograms of cocaine was level 34; which is now level "30". See Appendix C-Amendments to the Guidelines Manual "668".

8. Therefore, defendant is entitle to be resentenced under the retroatively applied Amendment.

9. At the original sentencing, the defendant's offense level was reduced by three levels for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines.

10. Because the defendant's base offense level as amended is level 30, for purposes of resentencing, the defendant would only qualify for a three-level decrease for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines.

11. No other factors are present justifying any other change in the computation of the defendant's offense level.

12. After the appropriate adjustments are calculated, the defendant's offense level for purposes of resentencing is level 27.

13. The defendant's criminal history computation remains a Category IV as computed in the Presentence Report.

14. The appropriate guidelines range for an offense level 27 with a criminal history category IV is hundred (100) to hundred and twenty-five (125) months.

WHEREFORE, based upon the foregoing arguments and authorities, this honorable court is respectfully urged to reduce the defendant's sentence and enter a new judgment in a criminal case reflecting said change in the defendant's sentence, and any other and further relief which this honorable court deems just and fair within the sentencing range supported by the guilty plead agreement.

Respectfully Submitted,

Ramon Diaz Ortiz
ID:NO. 14035014
USP-CANAAN
P.O.BOX 300
2020 Canaan Road
Waymart, Pa. 18472

Date/ 8/4/05

CERTIFICATE OF SERVICE

The undersigned defendant hereby certify that a true and correct copy of the foregoing (MOTION FOR CONSIDERATION OF A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)), has been served upon to the person below, by placing same first class U.S. Mail, postage pre-paid properly addressed on this 4 days of August 2005, to:

David Rivera, Esq.
Assistant U.S. Attorney
Federal Building
Hato Rey, P.R. 00918-1767


Sincerely,

*Ramon Diaz Ortiz* (signature)

Ramon Diaz Ortiz
ID:NO. 14035014
USP-CANAAN
P.O.BOX 300
2020 Canaan Road
Waymart, Pa. 18472

Date/ 8/4/05