IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America | : |
| | : |
| V. | : NO. CR-99-306(PG) |
| Ramon Diaz Ortiz | : |

DEFENDANT'S AMENDED TO HIS MOTION
UNDER § 2255; 28 U.S.C.A.

BACKGROUND:

On September 22, 1999, a grand jury returned a two counts indictment charging the defendant Ramon Diaz Ortiz with a conspiracy to possess with intent to distribute, and to distribute multi-kilograms quantities of controlled substances, that is quantities in excess of five (5) kilograms of cocaine, and quantities in excess of one hundred (100) kilograms of marihuana as prohibited by 21 U.S.C. §§ 841(a)(1) and 846; count I.

A conspiracy to import into the United States from the Dominican Republic, multi-kilograms quantities of controlled substances, specifically amounts in excess of five (5) kilograms of cocaine, and amounts in excess of one hundred (100) kilograms of marihuana as prohibited by 21 U.S.C. §§ 952(a) and 963; count II.

On or about November 27, 2000, the defendant was arrested in the above captioned matter.

On February 26, 2001, the defendant's entered into a Plea Agreement with the United States Attorney in count I, in exchange to 216 months in prison, plus a supervise release term of at least five (5) year and the dimissal of count II in the above indictment.

On July 13, 2001, the court sentenced the defendant to 260 months and eight (8) year of supervise release intead of 216 months and five (5) year of supervise release.

The defendant's filed a timely appeal to the First Circuit Court of Appeals, besically challenging the trial court discrepancy between the term of imprisonment.

The court's appointed Jack W. Pirozzolo, Esq., of the 155 Seaport Boulevard, Boston, MA 02210, to represent the defendant. Thereof, the typographic erred under the term of imprisonment was corrected and the appeal denied on July 11, 2003. See appeal docket NO. 01-2220. However, nothing was done with the supervise release term which should be five (5) year intead of the current eight (8) year.

On or about August 7, 2004, the defendant's filed an illiterate and very deficient § 2255 motion and even thoulgh the court's not answer to the defendant submission yet, the certify

mail return receipt showed that it was received by the Clerk of Court Offices on August 21, 2004. Thus this amended is file pursuant to the Federal Rules Governing § 2255 Proceedings rule 2(d).

> RULE 2(d) "return of insufficient motion. If a motion received by the clerk of the district court does not comply with the requirements of rule 2 or 3, it may be retunred by the clerk to the movant with a statement of the reason for its return, and it shall be returned if the clerk is so directed by a judge of the court. The clerk shall retain a copy of the motion." Supra, Id.

Consequently, the defendant's challenging the valid of his guilty plea as follow:

GROUND I

> WHETHER THE DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL?

1. The defendant Ramon Diaz Ortiz native language is Spanish and also had limited education, did not speak, read, write or understand the English language.

2. Guilty plea counsel Hector E. Guzman-Silva, Jr., Esq. ("Guilty plea counsel") rendered ineffective assistance by failed to translate the plea agreement into the defendant (Spanish) native language.

3. Guilty plea counsel's rendered ineffective assistance by willfully allowed the defendant to entered an unknowingly and involuntary plea agreement which contained prejudicial

clauses, such as the waiving of the defendant right to attacked the valid of his conviction and sentenced as well as his Six Amendment constitutional right to effective assistance of counsel.

4. Guilty plea counsel's coerced the defendant to signed his unknowingly plea agreement.

5. The defendant's avers and maintains that if guilty plea counsel's translate the plea agreement into his native language, he should not had signed it what-so-ever.

6. The defendant's entitle to relief because he did not understood the ramifications of entered an unknowingly splea agreement.

The defendant's avers that his waivers was not knowingly and intelligent because he did not understood the language in which the plea agreement was written.

GROUND II

WHETHER THE COURT'S FAILED TO CONDUCTED A COMPREHENSIVE RULE 11 HEARING, FED.R.C.P. 11 AND WHETHER THE COURT'S ERRED BY IMPOSED A EIGHT (8) YEAR OF SUPERVISE RELEASE?

1. The defendant's maintains that he's entitle to withdrawal his guilty plea because the court's failure to ensure that he understand the nature of the charge underlying his plea agreement.

At the guilty plea hearing, the followings were exchange between the court and the defendant:

THE COURT: in the meantime, Mr. Diaz, at porograph 9 it says there that you are waiving any right to appeal the sentence imposed and I want to make sure that you understand that you have a statutory right to appeal the sentence that I impose. Do you understand that?

THE DEFENDANT: well, yes, I do. I want appeal if I should have to appeal your sentence, your honor, if it's possible.

    2. It is clear from the defendant responsed hereto that he did not understood the terms of the plea agreement. However, the court did not inquiry whether the plea agreement was translated into the defendant native language.

    3. The defendant's asserts that even though the court's addressed him in open court, it failed to ensure that the guilty plea wasn't coerced, unknowingly, and involuntary as require by Fed.R.C.P. 11.

    4. The court's failed to complied with the procedural safeguards mandated by Fed.R.C.P. 11 prior to accepting the defendant guilty plea. Thus the court should allow the defendant to withdrew his guilty plea and either enter a newly guilty plea and/or stand trial.

    Trial court's **erred by** imposed a eight (8) year term of supervise release intead of five (5) year as stipulated under the plea agreement. Inasmuch, the offense for which the defendant's plea guilty provide a supervise release of five (5) year.

The defendant Ramon Diaz Ortiz is entitle to relief because the court's failed to comply with the procedural safeguards mandated under the guilty plea laws.

Rule 11(c)(1) imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. United States v. Stitzer, 785 F. 2d 1506, 1513 (11th Cir.), Cert. denied, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed. 2d 44 (1986). Three core concerns underlie this rule: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Hourihan, 936 F. 2d 508, 511 n. 4 (11th Cir. 1991).

Phillips v. United States, 519 F. 2d 483 (1975); in Phillips the court found that: district judge did not personally address William Phillips concerning the waiver of his constitutional rights. Rather, the district judge accepted the following blanket statement from the defendant's counsel:

"I might also further indicate for this record that insofar as I am able I have advised my client of his consititutional rights; that is, he has a right to trial by jury and the different things that are guaranteed by the constitution. This plea is entered by me, and he will corroborate this, of guilty. This is his desire and his wish."

Prior to the 1966 revision of Rule 11, this statement might have passed muster. However, that amendment made it the personal

duty of the trial judge to question a defendant on the voluntariness of his plea. Statements by defendant's counsel do not satisfy Rule 11's mandate that the court personally address the defendant.

A defendant is entitled to plea anew if a United States District Court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11 of the Federal Rules of Criminal Procedure, which states the court shall not accept a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea, and that judgment shall not be entered upon a guilty plea unless the court is satisfied that there is a factual basis for the plea. <u>McCarthy v. United States,</u> 394 U.S. 459; If a defendant guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is therefore void. Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possess an understanding of the law in relation to the facts. Supra, Id.

WHEREFORE, it is for all the aforementioned reasons that the Defendant respectfully requests this honorable court Grant the above motion.

It is further requested that the court find that the defendant was prejudiced with its failed to comply with the mandated under Federal Rules of Criminal Procedural rule 11 and also that guilty plea counsel's rendered ineffective assistance in the above matter. Thus the court should Granted the defendant to withdrawal his guilty plea and either enter a newly one and/or stand trial.

Respectfully Submitted,

*Ramon Diaz Ortiz*
Ramon Diaz Ortiz
ID:#14035014
USP-CANAAN
P.O.BOX 300
Waymart, Pa. 18472

Date/ 9/1/05