## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

Plaintiff,

v.                                                          CRIMINAL NO. 99-306 (PG)

**RAMON DIAZ ORTIZ,**

Defendant.

## UNITED STATES' MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE

**TO THIS HONORABLE COURT:**

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

1.     On August 9, 2005, defendant filed a Motion for Consideration of a Reduction of Sentence (docket # 266).

2.     On February 17, 2006, this Honorable Court issued an Order directing the Government to respond to said motion within twenty (20) days (docket # 268).

3.     Upon review of defendant's motion it is evident that the defendant is not entitled to any reduction in his sentence, since he seeks a reduction based on the application of U.S.S.G. § 2D1.1(a)(3), which states: that *if* "defendant receives an adjustment under §3B1.2 (Mitigating Role)" then the defendant is entitled to certain further reductions to his base offense level.

4.      The defendant mistakenly believes he is entitled to a mitigating role adjustment, because he received a reduction of three (3) levels for acceptance of responsibility.

5.      The defendant is not entitled to a mitigating role reduction since he was found to be a supervisor in the underlying offense, and which underlying offense defendant pled guilty to on February 26, 2001.  (See Def. Mot. Para. 1, 2.  See also, Appendix with Plea Agreement: paragraph 8.b.  Base offense level shall be increased by three (3) levels based on the defendant's role in the offense as a manager or supervisor pursuant to U.S.S.G. §3B1.1(b).

6.      Since defendant's role was that of a manager, or leader, and since he received an *upward* adjustment for such leadership role, he cannot receive the benefit of a *reduction* in his sentence based on mitigating role.

8.       crewmembers on board, and that they were all responsible for the transportation of the marijuana to Puerto Rico from Colombia.  The First Circuit has ruled that in cases such as this one, i.e., "vessels" or "boat cases," a showing that the crewmembers had comparatively different and therefore less culpable roles is required for them to qualify for a reduction in the offense for minor participation.    See United States v. Rosario-Peralta, 199 F.2d 552 (1st Cir. 1999) (holding that where defendants were "[t]he only three individuals aboard the vessel . . .  there was little or no evidence that one of the defendants was comparatively less culpable than the others").   Id. at 572.  See also United States v. Coneo-Guerrero, 148

F.3d 44 (1st Cir. 1998) (no evidence of minor role where all defendants

were aboard a boat transporting cocaine from Colombia to Puerto Rico

11.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully

requests that this Court

In San Juan, Puerto Rico, this 20th day of October, 2004.

H.S. GARCIA
UNITED STATES ATTORNEY

By:     *s/ Judith Vargas*_____
Judith Vargas, USDC No. 219914
Assistant U.S. Attorney
Torre Chardon
350 Carlos Chardon Avenue
San Juan, Puerto Rico, 00918
Tel. No. (787) 766-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system which will send notification of such
filing to counsel for defendant

By:     *s/ Judith Vargas*_____
Judith Vargas, USDC No. 219914