# APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

[1] RAMON DIAZ ORTIZ a.k.a. Mon
    Defendant.

Criminal No.  99-306 (PG)

PLEA AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Guillermo Gil, United States Attorney for the District of Puerto Rico; Jorge A. Vega-Pacheco, Assistant U.S. Attorney, Chief, Criminal Division, David Rivera, Assistant U.S. Attorney for said District, and the defendant, Ramon Diaz Ortiz, and the defendant's counsel, Hector Guzman,  pursuant to Rule 11(e)(1)(A)and(B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1.    The defendant, Ramon Diaz Ortiz (hereinafter "the defendant"), agrees to plead guilty to Count One of the pending indictment.  Count One charges that the defendant, knowingly, willfully, unlawfully, and intentionally, combined, conspired, confederated and agreed with co-defendants and with divers other persons to commit an offense against the United States, to wit, to knowingly and intentionally possess with the intent to distribute and distribute multi-kilogram quantities of controlled substances, that is to say, in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance; and in excess of one hundred (100) kilograms of

**Plea Agreement**
U.S.A. v. Ramon Diaz Ortiz
Criminal No. 99-306 (PG)
Page 2

marihuana, a Schedule I controlled substance, as prohibited by Title 21, <u>United States Code</u>, Section
841(a)(1), all in violation of Title 21, <u>United States Code</u>, Section 846.

2.     The penalty for the offense charged in Count One is a term of imprisonment of at least
TEN (10) years and a maximum of LIFE.  Additionally, the Court may also impose a fine of up to
four million dollars ($4,000,000.00), plus a mandatory special monetary assessment of one hundred
dollars ($100.00) to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States
Code</u>, Section 3013.  Defendant recognizes his obligation to pay said monetary assessment.  Also,
the Court will impose a term of Supervised Release of not less  than FIVE (5) years in addition to
any term of incarceration.  Defendant acknowledges that parole has been abolished.

3.     The defendant will pay a special assessment of one hundred dollars ($100.00) as
required by Title 18, <u>United States Code</u>, Section 3013(a).  In addition, defendant agrees to complete
any and all financial statements required of him by the United States and/or the Court, including
Form OBD 500.

4.     The defendant is aware that the Court may, pursuant to Section 5EI.2(i) of the
<u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant
to pay a fine sufficient to reimburse the government for the costs of any imprisonment, or supervised
release.

5.     The defendant agrees that any fine or restitution imposed by the Court will be due and
payable immediately.

Plea Agreement
U.S.A. v. Ramon Diaz Ortiz
Criminal No. 99-306 (PG)
Page 3

6.    The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7.    The United States agrees that the defendant should be held accountable for the distribution of at least fifteen (15) but not more than fifty (50) kilograms of cocaine.

8.    Subject to the terms and conditions of paragraphs 1 through 7 herein, the United States and the defendant further agree that:

a. the base offense level applicable to the offense charged in Count One according to U.S.S.G. § 2D1.1 is level thirty-four (34).

b. the United States agrees that the base offense level shall be increased by three (3) levels based on the defendant's role in the offense as a manager or supervisor pursuant to U.S.S.G.§ 3B1.1 (b).

c. the United States agrees that the base offense level shall be reduced by three (3) levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 as amended, provided the defendant does in fact accept responsibility for the commission of the offense.

**Plea Agreement**
<u>U.S.A. v. Ramon Diaz Ortiz</u>
Criminal No. 99-306 (PG)
Page 4

d.  therefore, assuming application of the above Sentencing Guidelines, defendant's adjusted base offense level as to Count One is level THIRTY-FOUR (34).

e. the parties agree that no other guideline provisions, adjustments or departures are warranted or applicable.

f. the parties agree that a sentence of two hundred and sixteen (216) months would be appropriate in the applicable guideline range. The parties further stipulate, pursuant Guidelines Sections 4A1.1, 4A1.2 and 4A1.3 that the appropriate Criminal History Category for the Defendant is Category Three (III), such that, should the number of criminal history points be less than four (4), the parties agree that the criminal history category would be under-represented, while should the number of criminal history points be greater than six (6), the parties agree that the criminal history category would be over-represented.

g. the parties also agree that the sentence to be imposed is to be served concurrently with any sentence previously imposed.

h.  The United States agrees to request the dismissal of the remaining count of the pending indictment as to this defendant following the imposition of the sentence.

i.  The United States reserves its right of allocution at the sentencing hearing.

9.      Defendant Ramon Diaz Ortiz hereby waives any right to appeal any sentence imposed pursuant to this plea agreement.

10.     Defendant, Ramon Diaz Ortiz is fully aware that the Court is not bound by this plea agreement, including but not limited as to:  sentencing guidelines calculations or stipulations.

Plea Agreement
U.S.A. v. Ramon Diaz Ortiz
Criminal No. 99-306 (PG)
Page 5

11.    Whether any party has breached any provision of this plea agreement, if contested, shall be determined by the Court in an appropriate proceeding at which the defendant's and the United States' disclosures and documentary evidence shall be admissible and at which the contested party shall be required to establish a breach of this plea agreement by a preponderance of the evidence.

12.    The United States reserves the right to carry out its responsibilities under sentencing guidelines.  Specifically, the United States reserves the right:  (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

13.    The defendant Ramon Diaz Ortiz represents to the Court that he is satisfied with the services of his attorney, Hector Guzman, and indicates that he has rendered effective assistance. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.  Defendant understands that the right of criminal defendants include the following:

a.    If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

Plea Agreement
U.S.A. v. Ramon Diaz Ortiz
Criminal No. 99-306 (PG)
Page 6

b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.  The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.  The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence in defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from his refusal to testify.  If the defendant desired to do so, the defendant could testify in his own behalf.

**Plea Agreement**
<u>U.S.A. v. Ramon Diaz Ortiz</u>
Criminal No. 99-306 (PG)
Page 7

14.     The accompanying Statement of Facts signed by the defendant is hereby incorporated

into this plea agreement.  Defendant adopts the Statement of Facts and agrees that the facts therein

are accurate in every respect and, that had the matter proceeded to trial, the United States would have

proved those facts  beyond a reasonable doubt.

15.     This plea agreement binds only the United States Attorney's Office for the District

of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

16.     This written agreement constitutes the complete Plea Agreement between the United

States, the defendant, and the defendant's counsel.  The United States has made no promises or

representations except as set forth in writing in this plea agreement and the parties deny the existence

of any other term and conditions not stated herein.

17.     No other promises, terms or conditions will be entered unless in writing and signed

by all parties.  The defendant acknowledges that no threats have been made against the defendant

and that the defendant is pleading guilty freely and voluntarily because the defendant in fact is guilty.

RESPECTFULLY SUBMITTED.

GUILLERMO GIL
United States Attorney


_____
Jorge A. Vega-Pacheco
Assistant U.S. Attorney
Chief, Criminal Division
Dated:


_____
David Rivera
Assistant U.S. Attorney
Dated: 2/26/01


_____
Hector Guzman
Counsel for Defendant
Dated: 2-26-01


_____
Ramon Diaz Ortiz
Defendant
Dated: 2-26-01

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: _02/26/2000_                     _____
                                       Ramon Diaz Ortiz
                                       Defendant

I am the attorney for Ramon Diaz Ortiz. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement is voluntarily, intelligently and with full knowledge of all the consequences of his plea of guilty.

Date: _2-26-01_                        _____
                                       Hector Guzman
                                       Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

Pursuant to Local Rule 418, Local Rules of Court for the District of Puerto Rico, the United States files with the Honorable Court and serves upon defendant's counsel a statement setting forth the version of the facts leading to defendant's acceptance of criminal responsibility under Title 21, United States Code, Sections 846.

Defendant conspired with members of the conspiracy charged in Crim. Nos. 99-305, 99-306, 99-307 and 99-308, and others, to possess with the intent to distribute and distribute cocaine and marihuana at a drug point located within the Muñeca Public Housing Project in Aguadilla. The defendant was further responsible for the management and supervision of sales of cocaine and marihuana at said drug point.

On numerous occasions, the defendant traveled to the Dominican Republic to purchase kilogram quantities of cocaine and marihuana intended for re-sale at said Housing Project.

These acts were carried out in furtherance of the conspiracy.

David Rivera
Assistant U. S. Attorney
Dated: 2 . 26 . 01

Hector Guzman
Counsel for Defendant
Dated: 2 - 26 - 01

Ramon Diaz Ortiz
Defendant
Dated: 2 - 26 - 01