IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON DIAZ ORTIZ,
    Petitioner.

-VS-

CASE NO: 99 - CR - 306 (PG)

UNITED STATES OF AMERICA,
    Respondent.

MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582 (c)(2),
FOR A REDUCTION OF SENTENCE PURSUANT TO AMENDMENT 706 OF THE
UNITED STATES SENTENCING GUIDELINES
1B1.10 (c)

    **NOW COMES**, The Defendant RAMON DIAZ ORTIZ, Pro se, pursuant to 18 U.S.C. § 3582 (c)(2), and moves this Honorable Court for reduction of his prison term. In support of his motion the defendant will show, and alleges: On or about 2-26-01, Petitioner entered into a plea agreement under count (1) one of a pending indictment charges him with possess with intent to distribute cocaine in excess of five (5), Kilograms of cocaine in violation of Title 21 U.S.C. § 841 (a)(1) and criminal conspiracy under §§ 846.

    Subsequently, using the United States Sentencing Commission Guidelines the defendant was sentenced to term of imprisonment as follows: 210-262 months in prison to serve 216, months. On the 12th day of October, 2007 the United States Sentencing Guidelines specifically amending the "crack" cocaine penalties by two offense level points and made the Amendment explicitly retroactive pursuant to §§ 1B1.10 (c). U.S.S.G.)).

    Thus the defendant contents he is entitled as a matter of law to the benefits of the Amendment and retroactivity to have his sentence reduced to bring his sentence and term within the amend sentencing structure.

(1).

OTHER SUPPORTIVE CASES OF AUTHORITY

GALL V. UNITED STATES OF AMERICA, CASE NO:06-7949
KIMBROUGH V. UNITED STATES OF AMERICA, CASE NO:06-6330
because of the lack of the court holding the crack cocaine and powder cocaine disparity effectively causing the sentencing to exceed the mandatory minimum did cause the defendant sentence to be greater than necessary to serve the objective of sentencing.

UNITED STATES V. GUNTER, 422 F.3d. 237,248-49 (3th Cir. 2006) with,
UNITED STATES V. CASTILLO, 460 F.3d. 337,361 (2nd. Cir. 2006)
UNITED STATES V. JOHNSON, 474 F.3d. 515,522 (8th Cir. 2007)
UNITED STATES V. MILLER, 450 F.3d.270,275-76 (7th Cir. 2006)
UNITED STATES V. PHO, 433 F.3d. 53,62-63 (1st Cir. 2006)
UNITED STATES V. LEATCH, 482 F.3d. 790,791 (5th Cir. 2007), **pre curiam.** ("sentencing court may not impose a sentence outside guideline range based on its disagreement with the "crack" cocaine and "powder" cocaine disparity.

UNITED STATES V. WILLIAMS,456 F.3d. 1353,1369 (11th Cir. 2006);
UNITED STATES V. EURA, 440 F.3d. 625,633-34 (4th Cir. 2006);
UNITED STATES V. HICKS, 472 F.3d. 1167 (9th Cir. 2007).

And because of the sentencing and point enchancement with which cause defendant ORTIZ., sentence to fall within the retroactivity. The defendant respectfully request that this Honorable Court grant the reduction in the sentencing equal to the two points reduction.

   WHEREFORE, BASED ON THE FOREGOING AND IN THE INTEREST OF JUSTICE, Defendant respectfully urges this Honorable court to amend his term of imprisonment to reflect the sentencing guidelines modification set forth in Amendment 9. cocaine penalties by two offense level points.

RESPECTFULLY SUBMITTED,

MR. RAMON DIAZ ORTIZ,
REG. NO:14035-014

FEDERAL CORRECTIONAL INST.
P.O. BOX 1000
CUMBERLAND, MARYLAND 21501

CC:FILED

(2).

CERTIFICATE OF SERVICE

I, RAMON DIAZ ORTIZ, Hereby do certify that a true and exact copy of the foregoing has been sent this 29 day of February, 2008, by regular U.S. MAIL, with sufficient postage affixed thereto to ensure delivery, addressed to:

MR. DAVID RIVERA, Esq.
ASSISTANCE U.S. ATTORNEY
FEDERAL COURTHOUSE BUILDING
HATO REY, PUERTO RICO
    00918 - 1767

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

ROOM 150 FEDERAL BUILDING

SAN JUAN, PUERTO RICO
    00918-1767

RESPECTFULLY SUBMITTED,

MR. RAMON DIAZ ORTIZ
REG. NO:14035-014
FEDERAL CORRECTIONAL INST.
P.O. BOX 1000
CUMBERLAND, MARYLAND 21501-1000

(3).