UNITED STATES DISTRICT COURT
FOR THE JUDICIAL DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA ]
]
]
]
]
-VS- ]  CASE NO:99-CR-00306-01 (PG)
]
]
RAMON DIAZ-ORTIZ ]
]

NOTICE OF APPEAL FOR AN APPEAL BY RIGHT AND APPOINTMENT OF
APPELLATE COUNSEL ALL PUSUANT TO FRAP RULES 4 (4) (c) (1).

**COMES NOW RAMON DIAZ-ORTIZ, in Pro se,** to timely moves this Honorable Court to authorize and acknowledge the Petitioner's notice to appeal his denied decision pursuant to Title 18 U.S.C. § 3582 (c)(2) motion.

Petitioner is without the aid of counsel and would like to be represented to further protect his constitutional rights in this matter. Title 18 U.S.C. § 3582 (c)(2), and § 1B1.10 (c) of the U.S. Sentencing Guidelines, to reduce his sentence based upon the Amendment 712 (b)(1), were enacted after petitioner was sentenced § 2D1.1 of the sentencing guidelines which became effective on march 3, 2008. (SEE: Appendix C, Amendments 712 and 713). Guidelines Manual, concerning to the base offense level and Represents:

On or about 2/26/01, defendant entered into a plea agreement under count (10 of the indictment charges him with possess with intent to distribute cocaine in excess of (5) five Kilograms of cocaine in violation of 21 U.S.C. § 841 and § 846 Conspiracy. On July 13, 2001, the court's found by a preponderance of evidence that the defendant was supervior under the alleged offense and increased three level under the sentencing guidelines 3B1.1 and also the court's found that since the defendant has accepted Responsibility for his involvement in the offense conduct, a three (3) level decrease was warrant pursuant to the sentencing guidelines 3E1.1 A and B adjustments and sentenced the defendant to a term of imprisonment of 216 months under the plea agreement .

applying the applicable provision of the guidelines as the existed on the date of the defendant's sentencing the base offense level was 34.

## THE AMENDED GUIDELINES AUTHORIZES
## A REDUCTION OF PETITIONER'S SENTENCE

Title 18 U.S.C. § 3582 (c)(2), authorizes this court to reduce the term of petitioner's imprisonment because of the Retroactive Amendments of the sentencing guidelines that concerns the Two point reduction of the offense level in cocaine offense and changes that substantially affects petitioner's criminal history category. Pursuant to chapter, 58 of the U.S. Sentencing Commission, subtitle § 994 duties of the commission, it states:

> '" If the commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what amount the sentence of prisoners serving terms of imprisonment for the offense may be reduced."

Section 994 (u).

The sentencing commission complies with 18 U.S.C. § 3582 (c)(2) and 994 (u) by listing in the U.S. Sentencing guidelines § 1B1.10 (c) those amendments to the guidelines which will ordinarily warrant such reductions. [ 2006 U.S. Dist. LX 13959 ], <u>UNITED STATES V. MORENO</u>, 2nd. Cir. 2006 421 F.3d. 1217.

The U.S. Sentencing Guidelines § 1B1.10 (c) has been expanded to list in it the directives in 28 U.S.C. § 994 (u), with respect to guideline amendment that may be considered for retroactive application. The effective date of the current amendment was March 3, 2008. In otherwords, petitioner asserts that his eligibility for consideration under 18 U.S.C. § 3582 (c)(2), is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range. In this case 1B1.10 comes into play because the amendment(s) 712 and 713 Generally as established under § 1B1.10 of Sentencing guidelines, this amendment is to be applied retroactively when the defendant's base offense level is calculated in

accordance with the language of the amendment, the amount of drug set forth under the plea agreement (guilty Plea), would be at level 30.

under the drug quantity table, as outlined in § 2D1.1 of the sentencing Guidelines, the base offense for an excess of (5) Five Kilograms of cocaine was leval 34, which is now level 30. SEE: Appendix C Amendment to the guidelines manual 712.

Petitioner contend that his 216 months sentence must now be reduced to the appropriate guidelines range that is consistent with the amendment to the U.S. Sentencing Commission also this court's review may not be limited to the effect of § 3582 (c)(2), SEE: **UNITED STATES V. TIDWELL**, 178 F.3d. 946; Cert. Den. [ 528 U.S. 1023 ]... Once the authority to revist the sentence has been confirmed this court still needs to ensure that the new sentence is consistent with 18 U.S.C. § 3553 (a) factors.

Because a Mandatory system is no longer an open choice, this court also now has the discretion to depart from the guidelines when issuing it's new sentence under § 3582 (c)(2); SEE: **UNITED STATES V. BOOKER**, 543 U.S. 220, 263 (2005); **UNITED STATES JONES**, 2007 W L 2703122 ( D. Kan. Sept. 17 2007 ). The court is therefore free to act on a motion if finds that earlier action is appropriate under § 3553 (a). This court emphasized throughout the sentencing process that it was bound by manadtory language of the guidelines to sentnce petitioner to 216 months, indicating that it would have imposed a lesser sentence if not for preponderance of the evidence, and the mitigating factors 3B1.2 langauge.

Again, this court now has the authority, pursuant to § 3582 (c)(2), to reduce petitioner's sentence below the requirements of the 2-point reduction because there is no longer a mandatory requirement in the guide- lines that this court must follow. Petitioner urges this court to reduce his sentence in accordance with the ameded guidelines; from offense level 34 to 32 category IV to III, which would reduce his sentence to 192 months.

However, upon consideration of other factors, such as petitioner's adjustment to incarceration, and the means by which he is rehabilitating himself, I ask this court to reduce this sentence even further to the statutory minmum of 125 months.

## CONCLUSION

Accordingly, for all the reasons stated herein petitioner urge this court to reduce his sentence and for any other relief it deems just and fair.

Respectfully Submittted,

*/s/ Ramon Diaz-Ortiz*
Mr. Ramon Diaz-Ortiz
Reg. no:14035-014
Federal Corretional Institution
P.O. Box 1000
Cumberland, Maryland 21501

Dated: June  th, 2008.

## CERTIFICATE OF SERVICE

The undersigned defendant hereby certify that a true and correct copy of the foregoing motion for reconsideration of a reduction of sentence pursuant to 18 U.S.C. § 3582 (c)(2), has been served upon the officials below, by placing it first class U.S. Mail in the Institutional Mailing system Pre-Paid Postage properly addressed to the following:

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

John J. Moakley U.S. Courthouse
1 Courthouse Way   Suite 2500
Boston, Massachusetts  02210

Federal Public Defender Office
   District of Puerto Rico

241 F.D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441

CC:Filed

U.S. DISTRICT COURT
DISTRICT OF PUERTO RICO

CHASE MANHATTAN BLDG.
254 Munoz Rivera Avenue
Hato Rey, Puerto Rico
00918

Respectfully Submitted

/s/ *Ramon Diaz-Ortiz*
Mr. Ramon Diaz-Ortiz
Reg. No:140350-014
F.C.I./Cumberland

-4-